**Richmond**

JAMES RANDOLPH BROWN

v.

COMMONWEALTH OF VIRGINIA

No. 0504-86

Decided February 2, 1988

COUNSEL

Christopher J. Collins, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**HODGES, J.** — James Randolph Brown was convicted at a bench trial of possession of cocaine with intent to distribute in violation of Code § 18.2-248. The court sentenced Brown to twenty years in the penitentiary with five years suspended. In this appeal, Brown argues that the Commonwealth's evidence was insufficient to sustain his conviction. We disagree and affirm.

At approximately 9:30 p.m. on November 19, 1985, the Richmond police executed a search warrant at the residence of Sylvester and Michael Minor. The appellant, the two Minors, and two other men were present at the time. As one of the men was about to exit the residence, Detective Fleming entered and chased him down a hallway. Detective Fleming paused at the door of the master bedroom and observed the appellant seated on a stool next to the bed. He was between the Minor brothers who were sitting on the bed, one at the head and one at the foot.

Detective Clavert followed Fleming into the residence. When he reached the master bedroom, the appellant was exiting it. He detained him there. No drugs or drug paraphernalia were found on his person.

On the bed, the police found a mirror with cocaine on it, two pounds of cocaine, a strainer with cocaine residue in it, and plastic bags containing cocaine. All three men were seated within arm's reach of each other and the cocaine on the bed. The value of the uncut cocaine was approximately $45,000. A triple beam scale was on a speaker next to where the appellant was seated. A bag of cocaine and $60 were on the nightstand. On the floor next to the bed, the police also found some bottles of commonly used cutting agents, five spoons with cocaine residue on them, plastic tooters, a pair of scissors, blue twist-ties, and two boxes of baggies. The police found cocaine packaged for street distribution in the den.

After waiving his rights, the appellant admitted using cocaine in the past but denied that he presently used it. He stated that he came to the house to get some albums and make some tapes. At trial, the appellant explained that he went into the bedroom to watch a game on television. He saw Calvin Brake bending over and snorting something. Brake offered him some, but he refused. He, however, remained in the room.

■ Where the sufficiency of the evidence is challenged on appeal, the court must consider the evidence in the light most favorable to the Commonwealth, giving to it all reasonable inferences fairly deducible therefrom. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975); *Hambury v. Commonwealth*, 3 Va. App. 435, 437, 350 S.E.2d 524, 524 (1986). Furthermore, the "judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it." *Hambury*, 3 Va. App. at 437, 350 S.E.2d at 524 (citing Code § 8.01-680; *Evans v. Commonwealth*, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975)).

■ To support a conviction based upon constructive possession, the Commonwealth "must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion

and control." *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984) (citing *Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981)). Possession does not have to be exclusive. *Ritter v. Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970).

Based upon the appellant's admitted prior cocaine use and the location and visibility of the cocaine, the trial court could reasonably infer that the appellant was aware of the presence and character of the cocaine. Indeed, appellant's counsel conceded during oral argument that Brown had the requisite knowledge of the cocaine. He rests his appeal on his contention that the Commonwealth failed to prove that the cocaine was subject to his dominion and control. Appellant argues that his proximity to the drugs was all that was shown and that is insufficient to establish possession. We disagree.

■ While mere proximity to a controlled substance is insufficient to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs. *Lane v. Commonwealth*, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); *Gillis v. Commonwealth*, 215 Va. 298, 301, 208 S.E.2d 768, 770-71 (1974); *Hambury*, 3 Va. App. at 438, 350 S.E.2d at 525. Like Brown, the defendant in *Eckhart* alleged that her conviction of possession of marijuana with intent to distribute was based solely on her proximity to the drugs. The Supreme Court of Virginia, however, found that the evidence was sufficient to sustain the defendant's conviction based upon constructive possession where the defendant, who was holding a baby, was seated outside the open door to a baby's room which contained marijuana and drug paraphernalia that was visible from the defendant's position. The court found that the trial court "could reasonably conclude that she was aware of the contents of the room and stationed herself where she could exercise dominion and control over the marijuana." *Eckhart*, 222 Va. at 451, 281 S.E.2d at 855.

Likewise, the evidence establishes more than mere proximity in this case. Brown was in a far better position to exercise dominion and control over the drugs than the defendant in *Eckhart*. Appellant and the two Minors were seated around a substantial amount of cocaine and drug paraphernalia. Brown was *within arm's reach* of the cocaine and he was beside the scales and other drug paraphernalia. This fact clearly distinguishes the case at bar from

*Huvar v. Commonwealth*, 212 Va. 667, 187 S.E.2d 177 (1972), which the appellant relies upon, where the defendant's conviction of drug possession was reversed because there was no evidence that he owned, possessed, or exercised any control over the drugs found. In *Huvar*, a large quantity of drugs was found in plain view throughout the apartment in which eleven people were present, but the defendant, who did not reside there, was discovered in the bathroom where no drugs were found. *Id.* at 668, 187 S.E.2d at 178.

■ Although the appellant explained his presence in the house, the court did not have to accept his testimony as true. When the court sits as fact-finder, it has the same authority as the jury to reject the defendant's testimony as incredible. *Crumble v. Commonwealth*, 2 Va. App. 231, 236, 343 S.E.2d 359, 362 (1986).

> If from the improbability of his story and his manner of relating it, or from its contradictions within itself, or by the attending facts and circumstances, the jury are convinced that he is not speaking the truth, they may reject his testimony, even though his reputation for truth is not attacked and he is not contradicted by other witnesses.

*Id.* (quoting *Randolph v. Commonwealth*, 190 Va. 256, 263, 56 S.E.2d 226, 229 (1949)).

■ When considering the totality of the circumstances, the appellant's proximity to the drugs, combined with his knowledge of their presence and the fact that he was in the house about an hour is sufficient to show that the cocaine was subject to his dominion and control. Furthermore, the quantity of drugs, their packaging, and the presence of drug and packaging paraphernalia were factors which established an intent to distribute. *See Eckhart*, 222 Va. at 451, 281 S.E.2d at 855 (citations omitted).

Therefore, we hold that the evidence was sufficient to support the appellant's conviction. Accordingly, we affirm.

*Affirmed.*

Benton, J., and Moon, J., concurred.