COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Fitzpatrick and Senior Judge Cole
Argued at Richmond, Virginia


KENNETH E. VIAR

v.          Record No. 1434-93-2          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                       AUGUST 8, 1995


            FROM THE CIRCUIT COURT OF APPOMATTOX COUNTY
                    John R. Snoddy, Jr., Judge

        Joseph A. Sanzone (Joseph A. Sanzone Associates, on
        briefs), for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief),
        for appellee.


     Kenneth E. Viar (appellant) appeals from a judgment of the

Circuit Court of Appomattox County (trial court) that approved

twelve jury verdicts convicting him for having in his possession

motor vehicles from which the vehicle identification number (VIN)

had been removed, changed, or altered without the consent of the

Department of Motor Vehicles (DMV), in violation of Code

§ 46.2-1075.  In this appeal, appellant states five separate

issues for our consideration; however, each is premised upon a

claim that the evidence is insufficient to support the verdicts.

 When sufficiency of the evidence is at issue on appeal, the

evidence must be viewed in the light most favorable to the

Commonwealth, and the evidence must be accorded all reasonable

_____

        *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

inferences fairly deducible therefrom. <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The jury's verdict, approved by the trial court, will not be disturbed unless it is plainly wrong or without evidence to support it. Code § 8.01-680; <u>Stockton v. Commonwealth</u>, 227 Va. 124, 145-46, 314 S.E.2d 371, 385 (1984).

Each indictment for which appellant stands convicted charged that appellant violated Code § 46.2-1075 which provides:

> **Possession of vehicles with serial numbers removed or altered.--** Any person who shall knowingly have in his possession a motor vehicle, trailer, or semitrailer, the motor number, serial number, or identification number of which has been removed, changed, or altered without the consent of the Department shall be guilty of a Class 6 felony.

The record discloses that on October 6, 1992, agents of the Virginia State Police and the DMV searched the premises of Hillcrest Motors owned by appellant and located on sixty-six and one-half acres of land on which appellant operated a used car business. In the course of that business, appellant would cause damaged vehicles to be rebuilt by frequently using parts of other similar vehicles. The vehicles involved were usually recovered thefts, repossessions, or damaged in wrecks. Appellant's practice was to gather parts needed, take the parts with the vehicle to be rebuilt to one of several body shops, pay to have the repairs made, and then sell the vehicle that had been

rebuilt for him.[1]  The leftover parts were either sold to a salvage company or returned to appellant together with the rebuilt vehicle.

Appellant had purchased the searched premises in 1981 and constructed a garage thereon in 1988 from which he has since operated the business.  When the search was made, there were numerous vehicles on the premises.  A video tape introduced into evidence showed some to be complete vehicles, others to be mere frames whose identification numbers had either been removed or were partly illegible.  The original VIN is placed on the vehicle when it is being newly assembled.  It tells where the vehicle was made, the type of engine, body style, the year it was made, and similar information.  The original VIN may not be lawfully removed from one vehicle and placed on another vehicle without notifying the DMV and obtaining approval of its use on the latter vehicle.  In the area of appellant's place of business, that approval must be obtained by contacting DMV Agent D. L. Keesee.  Keesee testified that he had not authorized the removal, change, or alteration of any of the VINs in issue.

During the search, the agents discovered twelve vehicles on the premises owned by appellant that the motor number, serial number, or identification number had been removed, changed, or altered without the consent of the DMV.  Six of these vehicles

---

[1]Occasionally, appellant's employees would rebuild cars in the same manner as the outside shops performed that act.

contained VINs that had been registered to other vehicles.  A review of the record shows evidence that supports the indictments relating to those six vehicles as follows:

1.  1987 Plymouth Reliant.  The vehicle was in the possession of Robert Lee Crews, sold to him by Hillcrest Motors in 1992.  State Police Investigator McDowell (McDowell) testified that it was a 1986 Plymouth, displaying a 1987 Plymouth VIN.  McDowell stated that the difference in value between the two vehicles was about $2,800, and that the mileage on the 1986 model was 102,571, while the mileage on the 1987 was 37,522;

2.  1991 Chevrolet pickup truck.  The vehicle was in the possession of Percy L. Jennings, sold to him by Hillcrest Motors in 1992.  McDowell testified that it was a 1989 pickup, displaying a 1991 model VIN. McDowell stated that the difference in value between the two vehicles was about $1,450. The 1989 record mileage was 50,581 compared to the record mileage of 53,471 for the 1991 vehicle;

3.  1991 GMC pickup truck.  McDowell testified that it was a 1988 Chevrolet S10 displaying a 1991 GMC VIN.  The record mileage on the 1988 was 47,983, while the 1991 record mileage was 22,962;

4.  1985 Ford pickup.  The vehicle was in the possession of Lanny Johnson, sold to him by Hillcrest Motors in 1990.  McDowell testified that it was a 1983 vehicle, displaying a 1985 VIN;

5.  1987 Astro Van.  The vehicle was being rebuilt inside the garage at Hillcrest Salvage.  McDowell determined it to be a 1985 van, displaying a 1987 VIN; and

6.  1987 Chevrolet Camaro.  McDowell testified that the VIN had been removed and was found to have been placed on another 1987 vehicle.

Jason Thacker (Thacker), an employee of appellant, testified that he began working for appellant in the spring of 1992. One weekend, he and appellant picked up a late model truck. Appellant told him the VIN could be used on a different truck. Thacker had seen five vehicles without VINs. Thacker testified that his supervisor, Louis Foster, told him that appellant had given them instructions to build the newer vehicles and "sometimes that meant changing the VINs."

Approximately two weeks after making the VIN changes, McDowell and Keesee recorded an interview with appellant. The recording was later transcribed. Appellant's counsel heard the recording and compared the transcription. Although he objected to the admission of the transcription, he did not challenge its accuracy and conceded that it could properly be read to the jury. In the statement, appellant said that his instruction to his employees "was to build the latest model unit" and "anybody that has been in this business . . . has moved some VIN numbers. Cause you know, I, I'm guilty of that, that's all I can say." Appellant said: "I woke up from this nightmare before you all got there. I was trying to figure out how to do it to get it straightened out. You all have gotten here, we're, it's gonna get straightened out." Appellant said that he and his wife had been involved in a lengthy divorce and that had taken him away from the car business, and he was not paying as much attention as before. He knew that his employees were changing VINs.

Appellant's excuse was that Keesee was not always available. Appellant recognized that the fact that other people were doing the same thing was not an excuse.

In addition to the violations listed above, McDowell and the other investigators discovered six other VIN violations that did not involve exchanges from one vehicle to another registered vehicle. Appellant concedes that the VINs had been removed from the six remaining vehicles which were located on his premises. He denied knowledge but, upon review of each, made explanation as to the probable cause of the violations. The jury rejected these as legitimate reasons for the violations. We hold that the explanations merely created jury questions which were decided adversely to appellant. The evidence supports the jury verdicts.

Appellant argues that the evidence is insufficient to prove he either possessed the vehicles or knew of the condition of the VINs. We disagree. The record established that the vehicles were subject to his dominion and control on the premises he owned, and that he regularly was on the premises and operated the business conducted thereon. The evidence is sufficient to show he had actual knowledge of the presence and condition of some of the vehicles and constructive knowledge of the others. See Drew v. Commonwealth, 230 Va. 471, 338 S.E.2d 844 (1986); Powers v. Commonwealth, 227 Va. 474, 316 S.E.2d 739 (1984); Brown v. Commonwealth, 5 Va. App. 489, 364 S.E.2d 773 (1988). Although ownership and use of the premises do not alone establish

constructive possession, they are factors to be considered. Eckhart v. Commonwealth, 222 Va. 447, 281 S.E.2d 853 (1981). Appellant's statement and Thacker's testimony together with evidence of ownership and operation of the business sufficiently support the verdicts.

Finally, appellant argues that some of the "items" from which the VINs had been removed were not in fact "vehicles." The Code sections relied upon by appellant are not applicable here. Code § 46.2-100 in relevant part includes items that were "designed for self-propulsion." It does not require that the items be operable at the time the VINs were removed.

Appellant presented evidence to excuse the transfer of VINs, asserting that it was some other person who made the transfers; therefore he was not aware of the presence of items whose VINs had been removed. All his evidence was presented to the jury and rejected.

When weighing the evidence, the fact finder is not required to accept entirely either the Commonwealth's or defendant's account of the facts. Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986). Moreover, the fact finder is not required to believe all aspects of a defendant's statement or testimony; the trial judge or jury may reject that which it finds implausible, yet accept other parts which it finds to be believable. Durham v. Commonwealth, 214 Va. 166, 169, 198 S.E.2d 603, 606 (1973). Thus, the jury was entitled to accept only

those parts of appellant's evidence that it found plausible and credible when considering all the facts presented to it. The jury having rejected the excuses presented and when viewing the evidence in the light most favorable to the Commonwealth, we find that the evidence is sufficient to support the verdicts.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>