COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Baker and Coleman
Argued at Richmond, Virginia


PRESCOTT LAWRENCE HENRY

v.          Record No. 1205-95-3          MEMORANDUM OPINION[*]
                                       BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                    MAY 14, 1996


         FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                  Richard S. Miller, Judge

         William R. Light (Killis T. Howard, P.C., on
         brief), for appellant.

         H. Elizabeth Shaffer, Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on brief), for appellee.


     In this appeal from his bench trial conviction by the

Circuit Court of the City of Lynchburg (trial court) for

possession of cocaine in violation of Code § 18.2-250, the sole

issue presented by Prescott Lawrence Henry (appellant) is whether

the evidence was sufficient to support his conviction.  Finding

that the evidence was sufficient, we affirm the judgment of the

trial court.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.  Higginbotham v. Commonwealth, 216

Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Guided by that

familiar principle, the record discloses that on November

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

18, 1994, a warrant to search the premises known as 1817 Bedford Avenue, Lynchburg, Virginia was executed by members of that city's police department.  Upon entering the dining room of the house located at that address, the officers discovered four persons sitting at a four-sided table.  Each person sat at a particular side of the table.  Appellant sat at one end of the table.  After the police entered, all four persons were made to lie on the floor.

Investigator Dance testified that "small white chunks" (later determined to be cocaine), razor blades, and a homemade smoking device with residue were found on the table.  The homemade smoking device was within an "arm's length" of appellant and "a couple of" plastic bags were found on his person.  Although cocaine was found on the table, none was found in the baggies.  When appellant was told that he was under arrest for possession of cocaine, he replied:  "Yeah, all I was [here] to do was smoke cocaine."

Appellant concedes that constructive possession may be shown by acts, declarations, or conduct of the accused, and that appellant was aware of the presence and character of the contraband, but argues that the evidence fails to show that the cocaine was subject to his dominion and control.

> While mere proximity to a controlled substance is insufficient to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs.  Like Brown, the defendant in Eckhart alleged that her conviction of possession of marijuana with

intent to distribute was based solely on her proximity to the drugs.  The Supreme Court of Virginia, however, found that the evidence was sufficient to sustain the defendant's conviction based upon constructive possession where the defendant, who was holding a baby, was seated outside the open door to a baby's room which contained marijuana and drug paraphernalia that was visible from the defendant's position.  The court found that the trial court "could reasonably conclude that she was aware of the contents of the room and stationed herself where she could exercise dominion and control over the marijuana."

Brown v. Commonwealth, 5 Va. App. 489, 492, 364 S.E.2d 773, 774-75 (1988) (citations omitted).

Here, the evidence disclosed that appellant was more than in "mere proximity" to the cocaine.  He was present at the table to smoke cocaine.  The pipe containing cocaine residue necessary to complete that intent was within an arm's length of his reach.  The chunks of cocaine on the table were in plain view.  Possession need not always be exclusive.  Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970).  The accused may share it with one or more persons.  Id.  The duration of the possession is immaterial and need not always be actual possession.  Id.

We hold that the trial court could reasonably infer that the cocaine was jointly possessed by the four men seated at the table and that it was possessed for their exclusive use.  We hold that the totality of the circumstances disclosed by the evidence is sufficient to support the finding that appellant was in

constructive possession of the drug named in the indictment and that he was aware of its contraband character.

The judgment of conviction is therefore affirmed.

Affirmed.