COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


MICHAEL ORVILLE RICHARDSON

                                      MEMORANDUM OPINION[*] BY
v.          Record No. 0288-97-3      JUDGE JOSEPH E. BAKER
                                        JANUARY 13, 1998
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      Mosby G. Perrow, III, Judge

             Clinton R. Shaw, Jr. (Office of the Public
             Defender, on brief), for appellant.

             Kathleen B. Martin, Assistant Attorney
             General (Richard Cullen, Attorney General;
             John H. McLees, Jr., Assistant Attorney
             General, on brief), for appellee.


     Michael Orville Richardson (appellant) appeals from his

bench trial conviction by the Circuit Court of the City of

Lynchburg (trial court) for possession of cocaine.  Appellant

contends that the evidence is insufficient to support his

conviction.  We disagree and affirm his conviction.

     As the parties are fully conversant with the record, this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible. See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

> [P]ossession of a controlled substance may be actual or constructive. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)) (other citation omitted). Although mere proximity to the drugs is insufficient to establish possession, it is a factor which may be considered with other evidence in determining whether the accused possessed drugs. See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc). "The Commonwealth is not required to prove that there

is no possibility that someone else may have planted, discarded, abandoned or placed the drugs . . . ." Id. at 10, 421 S.E.2d at 883. Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence." Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

The record before us discloses that at approximately 11:00 p.m. on August 22, 1996, while on patrol, two police officers observed appellant sitting on a low wall directly adjacent to an apartment house. The top of the wall was about two feet from the sidewalk on the front side and about four inches from a grassy area on the back side. Sitting on the wall three or four feet to appellant's left were a man and a woman. Appellant saw the police approaching, and the officers observed appellant move his left hand, which was closed, as if putting something behind his back. The officers then saw appellant return his hand to the front portion of his body. Neither the man nor the woman sitting on the wall made any motions as the police approached.

When the police stopped their vehicle directly across the street from appellant, he got up and began to walk away. The couple also got up and walked off in the opposite direction from appellant. The officers immediately retrieved a plastic sandwich baggie containing a large chunk of cocaine from the grassy area directly behind the place on the wall where appellant had been sitting. On top of the wall, about half a foot to the left of

where appellant had been sitting, directly next to where his left hip had been, the officers found several smaller chunks of crack cocaine.  The baggie, the cocaine inside, and the loose chunks of cocaine were all dry.

The officers stopped appellant just a few feet from where he had been sitting, arrested him for possession of cocaine, and read him his rights.  Appellant denied that the drugs were his and claimed that they belonged to a "guy[] by the name of Early."[1]  In addition, appellant admitted that he was familiar with cocaine.  At trial, appellant further admitted that he had been convicted of two felonies and a misdemeanor for stealing.

Circumstantial evidence of possession is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence.  See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether an alternative hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a determination by the fact finder, therefore, is binding on appeal unless plainly wrong.  See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

_____

[1]No one named "Early" appeared at trial.

Viewed in the light most favorable to the Commonwealth, the evidence sufficiently shows that appellant was aware of the presence and character of the cocaine and had exercised dominion and control over it.  As appellant saw the officers drive up, he "[made] a hand motion with his [closed] left hand as if he was placing something behind his back."  He then got up and began to walk away.  The officers immediately found a baggie containing "a large chunk" of cocaine "[j]ust behind the wall where [appellant's] hand [had been]" and some loose chunks of cocaine on top of the wall only six inches from where appellant had been sitting.  All the items were clean and dry.

The trial judge, as the finder of fact, was entitled to reject the testimony of appellant, a convicted felon, as incredible, and to conclude that he was lying to conceal his guilt.  After appellant's substantive testimony has been discarded, the only reasonable hypothesis flowing from the remaining evidence is that appellant exercised dominion and control over the cocaine found both in the baggie and on the wall.  It is clear that appellant was aware of the presence and character of the drugs.

In accord with <u>Collins v. Commonwealth</u>, 13 Va. App. 177, 179-80, 409 S.E.2d 175, 176 (1991), and <u>Brown v. Commonwealth</u>, 5 Va. App. 489, 364 S.E.2d 773 (1988), we hold that the evidence sufficiently supports the trial court's finding that appellant exercised dominion and control over the drugs and was aware of

their character and presence at the time and place at which he was arrested.

For the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed.</u>
