COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Norfolk, Virginia


KALIEK LAMONT SUBER

MEMORANDUM OPINION[*] BY
v.    Record No. 0842-98-1      JUDGE ROSEMARIE ANNUNZIATA
MAY 11, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
E. Preston Grissom, Judge

David W. Bouchard (Bouchard & Smith, on
brief), for appellant.

Jeffrey S. Shapiro, Assistant Attorney
General (Mark L. Earley, Attorney General,
on brief), for appellee.


Kaliek Lamont Suber ("appellant") appeals his bench trial

conviction of possession of heroin under Code § 18.2-250 on the

ground that the evidence was insufficient to sustain the

conviction.  Specifically, he contends the evidence does not

establish beyond a reasonable doubt that he had dominion and

control over the substance in question.  We find no error and

affirm.

We state the relevant facts in the light most favorable to

the Commonwealth based on the evidence adduced at trial and the

inferences that may reasonably be drawn from it.  See

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998).  On December 14, 1996, police officers searched the residence of Alberta Armstrong, appellant's grandmother, pursuant to her lawfully-obtained consent.  Appellant was living in the house at the time.  When the police entered appellant's bedroom, appellant was seated on his bed ironing a shirt; two other individuals were seated on another bed in the room.  Under appellant's bed, the police found twenty-seven individual packets of heroin hidden in a white sneaker.[1]  The heroin had the stamp "kick ass" on it.

After his arrest, appellant gave the police a statement in which he stated that a friend had brought the bags of heroin stamped "ass kicker" into his room and sometimes hid drugs within the room.[2]  Appellant was charged with possession of heroin with the intent to distribute.

At trial, Sergeant Tony Torez, one of the officers that spoke with appellant during the search, testified that appellant

_____

[1]Police also found six rocks of cocaine in a pocket of a suit inside appellant's room, an empty bag of marijuana behind appellant's bed, and appellant's wallet on a television inside the room.

[2]Appellant's full statement is as follows:

> In my room, we played video games and
> watched movies.  One of the guys come in
> with dope stamped ass kicker.  Sometimes he
> hides it around – sometimes he hides it
> around my room.  The bags hold heroin.

acknowledged people were storing drugs in his room and "had knowledge that drugs were in [the] room." At the conclusion of the Commonwealth's evidence, the court reduced the charge to possession of heroin.

Testifying in his defense, appellant acknowledged that the heroin was found in his bedroom and stated that he shared the room with Keith Spence and a cousin named "D.C." Appellant testified that he did not know the drugs were in his room on the day in question, did not know who put the drugs in his room, and did not know to whom the drugs belonged. However, appellant admitted telling the police that Spence was bringing drugs into the room and storing them there. Appellant also admitted that he knew Spence was selling drugs in the neighborhood and that he knew the drugs in the room were heroin because he had seen the stamp "ass kicker."

The judgment of the trial court is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that it is plainly wrong or without evidence to support it. See Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998); Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Appellant concedes that the evidence in this case is sufficient to establish beyond a reasonable doubt that he knew the nature of

the drugs in question but contends that the evidence failed to establish that he knew of the precise location of the drugs and that he had dominion and control over them.  We disagree.

To prove constructive possession, the Commonwealth must establish "'that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"  Brown v. Commonwealth, 5 Va. App. 489, 491-92, 364 S.E.2d 773, 774 (1988) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  "Such 'possession may be proved by evidence of acts, declarations or conduct of the accused from which an inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found.'"  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)).  It is not necessary that possession be exclusive.  See Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983); Blake v. Commonwealth, 15 Va. App. 706, 708, 427 S.E.2d 219, 220 (1993).

Although ownership or occupancy of the premises on which drugs are found does not give rise to a presumption of possession, "this factor may be considered with other evidence [of the acts, statements, or conduct of the accused] in determining whether [the accused] constructively possessed drugs."  Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d

- 4 -

783, 784 (1983).  See Tucker v. Commonwealth, 18 Va. App. 141, 144, 442 S.E.2d 419, 421 (1994).  Similarly, "[w]hile mere proximity to a controlled substance is insufficient to establish possession, it is a factor when determining whether the accused constructively possessed drugs."  Brown, 5 Va. App. at 492, 364 S.E.2d at 774 (finding that the defendant's close proximity to the drugs at issue, "combined with his knowledge of their presence and the fact that he was in the house about an hour," was sufficient to prove they were subject to his dominion and control).  See also Minor v. Commonwealth, 6 Va. App. 366, 371-72, 369 S.E.2d 206, 209 (1988) (affirming a conviction of possession of cocaine based on evidence showing the defendant's residence in a house where the drugs at issue were found, his knowledge of the presence of the drugs in his brother's bedroom, and his close proximity to the drugs).[3]

Viewing the evidence in the light most favorable to the Commonwealth, the evidence establishes that appellant had constructive possession of the heroin in his room at the time of the search.  Upon arrest, appellant told police that he was in his room, playing video games and watching movies with friends, when one friend, who "sometimes [hid drugs] around [his] room,"

_____

[3]In both Minor and Brown, when police entered a residence to search for drugs, the respective defendants were sitting on or around a bed in another person's room, within arm's reach of two pounds of cocaine.  See Minor, 6 Va. App. at 367-68, 369 S.E.2d at 207; Brown, 5 Va. App. at 492, 364 S.E.2d at 774.

brought in the "dope" stamped "ass kicker."  Although appellant later denied knowledge of the drugs under his bed at trial, in its role of judging credibility, the trier of fact is not required to accept in toto an accused's statement but may rely on it in whole, in part, or reject it completely.  See Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).  Thus, the trial court was entitled to reject appellant's denial of knowledge on the witness stand and interpret that portion of his testimony as "mere fabrication[] to conceal guilt . . . ."  Id. at 547, 399 S.E.2d at 830.  Based on appellant's residence in the bedroom, appellant's presence inside his room at the time someone brought in the heroin at issue, appellant's knowledge of the nature and presence of the heroin, the location of the heroin underneath appellant's bed, appellant's close proximity to the heroin at the time of the search, and the trial court's permitted inferences based upon its credibility determinations, we find that the court had sufficient evidence to conclude appellant exercised dominion and control.

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.