COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Clements
Argued at Chesapeake, Virginia


ANTOINE MAURICE RICHARDSON

                                    MEMORANDUM OPINION* BY
v.    Record No. 2610-00-1          JUDGE ROBERT P. FRANK
                                        NOVEMBER 13, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Randolph T. West, Judge

              Theophlise L. Twitty (Jones and Twitty, on
              brief), for appellant.

              Eugene Murphy, Assistant Attorney General
              (Randolph A. Beales, Attorney General, on
              brief), for appellee.


     Antoine Maurice Richardson (appellant) was convicted in a

bench trial of possession with the intent to distribute cocaine,

in violation of Code § 18.2-248.  On appeal, he contends the trial

court erred in finding the evidence was sufficient to convict.

Finding no error, we affirm the judgment of the trial court.

                         BACKGROUND

     On March 15, 2000, Newport News Police Detective D.L.

Williams was looking for a suspect who was wanted on an

outstanding felony warrant when he saw appellant coming out of a

house.  Williams could see appellant's back but not his face.  The

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

detective observed him get into a yellow cab parked in front of the house. Appellant was the only backseat passenger. From the rear, appellant fit the description of the suspect sought by Williams.

After the detective obtained backup, the police decided to stop the cab. Appellant had been riding in the middle of the backseat "with his arm thrown around the rear of the left seat" prior to the police activating their lights, but

> [w]hen he realized the cab was being stopped, [the detective] observed [appellant] put his arms down, lean forward, move to the left and he bent down to the left where his shoulder was bent below the rear window. Prior to that, [the detective] could see both of his shoulders. He then moved over to the right side of the cab.

He "scooted over" one to two feet to the right.

Detective R.L. McArthur assisted in stopping the cab. After appellant got out of the vehicle, McArthur saw "in plain view on the left-hand side, right as the seat back falls, if you follow the line of the seat back, there was a plastic bag, a clear plastic bag which contained what [he] believed to be crack cocaine, suspected crack cocaine on the floorboard [of the cab] in plain view." Nothing obstructed his view of the item. "The cocaine was in the hump in the floorboard. . . . It wasn't actually under the seat, but it was in line if you would follow the back of the seat down."

-

Inside the 5- by 4-inch plastic bag were smaller bags, each containing a number of separate glassine envelopes. Several large chunks of rock cocaine were in the bag, weighing a total of 19 grams and worth approximately $1,900. At trial, appellant stipulated that if he in fact possessed the drugs, the evidence would be sufficient to show he did so with the intent to distribute. Appellant challenged only the sufficiency of the evidence as to possession.

In overruling the motion to strike the evidence, the trial court found appellant's actions were sufficient to find him guilty.

ANALYSIS

When considering the issue of sufficiency on appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "In so doing we must '"discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom."'" Norman v. Commonwealth, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954))). The trial court's judgment will not be set aside unless plainly wrong or without

-

evidence to support it. <u>Josephs v. Commonwealth</u>, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (<u>en</u> <u>banc</u>).

Possession of a controlled substance may be actual or constructive. <u>See</u> <u>Archer v. Commonwealth</u>, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983). "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" <u>Drew v. Commonwealth</u>, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting <u>Powers v. Commonwealth</u>, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). <u>See</u> <u>Eckhart v. Commonwealth</u>, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981); <u>McGee v. Commonwealth</u>, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987).

Although mere proximity to drugs is insufficient to establish possession, such a circumstance may be probative in determining whether an accused possessed the drugs. <u>Lane v. Commonwealth</u>, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982). "Ownership or occupancy of the vehicle in which the drugs are found is likewise a circumstance probative of possession." <u>Glasco v. Commonwealth</u>, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citations omitted), <u>aff'd</u>, 257 Va. 433, 513 S.E.2d 137 (1999). Thus, in resolving this issue, we must consider "the totality of the circumstances

-

disclosed by the evidence."  Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Proof by circumstantial evidence "'is not sufficient . . . if it engenders only a suspicion or even a probability of guilt.'" Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (quoting Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977)).  "'"All necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'"  Betancourt v. Commonwealth, 26 Va. App. 363, 373, 494 S.E.2d 873, 878 (1998) (quoting Stover v. Commonwealth, 222 Va. 618, 623, 283 S.E.2d 194, 196 (1981) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976))).  "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt."  Littlejohn, 24 Va. App. at 414, 482 S.E.2d at 859 (quoting Haywood v. Commonwealth, 20 Va. App. 562, 567-68, 458 S.E.2d 606, 609 (1995)).  The Commonwealth need not "'exclude every possible theory or surmise,'" but it must exclude those hypotheses "'which flow from the evidence itself.'" Cantrell v. Commonwealth, 7 Va. App. 269, 289-90, 373 S.E.2d 328, 338-39 (1988) (quoting Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981)).

-

Appellant argues Crisman v. Commonwealth, 197 Va. 17, 87 S.E.2d 796 (1955), controls review of this case.  We disagree.  The facts in Crisman are distinctly different.

Crisman was riding in the backseat of a car when it was stopped by the police.  Id. at 18, 87 S.E.2d at 797.  Three men were in the front seat, and Crisman's brother was in the back with him.  Id.  While searching the vehicle, the police

> discovered "a small quantity of white powder on the floor in front of the rear seat".  This powder (which was exhibited before [the trial court]) was collected on paper and turned over to a chemist for the police department.  The chemist testified that his analysis of the powder revealed that it contained .2364 grains of heroin.

Id. at 18-19, 87 S.E.2d at 797-98 (quoting the trial court).  The owner of the car testified he had washed the car the previous day and seen nothing on the rear floorboard of the car.  Id. at 19, 87 S.E.2d at 798.  He also testified that no one other than Crisman and his brother, whom the owner had picked up earlier that day as they were walking down the road, had been in the backseat of the car since it was washed.  Id.

The Supreme Court held the Commonwealth had not proven Crisman possessed the heroin as any of the five men could have placed the drug on the floor.  Id. at 20, 87 S.E.2d at 799.  The Court noted the only evidence tying the drug to Crisman was presence in the car.

-

Here, the drugs were found in plain view and within appellant's reach. These circumstances are probative of his guilt. See Brown v. Commonwealth, 5 Va. App. 489, 491-93, 364 S.E.2d 773, 774-75 (1988) (finding that the evidence was sufficient to support a conviction for possession of cocaine found in plain view and within an arm's reach of the accused, even though others were present). Unlike the heroin in Crisman, the cocaine here was in large chunks, easily observable on the floor of the cab and easily retrievable.

Additionally, the cocaine found in the cab was valued at $1,900. In Collins v. Commonwealth, we acknowledged that such amounts are "'something of significant value and not something that one would likely have abandoned or carelessly left in the area there.'" 13 Va. App. 177, 180, 409 S.E.2d 175, 176 (1991) (quoting the trial court). It is unlikely that someone other than appellant left almost $2,000 worth of cocaine in plain view on the floor of the cab.

More importantly, when the police activated their emergency equipment, appellant removed his left hand from the back of the seat, "put his arm down, leaned forward, move[d] to the left and he bent down to the left where his shoulder was bent down below the rear window." This furtive gesture, when viewed in the totality of the circumstances, supports the trial court's finding that appellant was aware of the presence and the character of the drug and that the drug was subject to his dominion and control.

-

See Powell v. Commonwealth, 27 Va. App. 173, 178-79, 497 S.E.2d 899, 901 (1998).

This Court previously has considered such gestures evidence of possession. In Powell, for example, Powell was sitting on a low wall when he placed his clenched fist behind his back. Id. at 176, 497 S.E.2d at 900. When he brought his hand back in front, the hand was unclenched. Id. Police found a small paper bag containing cocaine lying on the ground directly below the spot where Powell had been sitting. Id. We held:

> Appellant's suspicious hand movement and the fact that cocaine was found precisely where the appellant would have dropped an object from his left hand behind his back, support the inference that appellant possessed the bag of cocaine and discarded it on the ground behind him when the officers approached.

Id. at 178-79, 497 S.E.2d at 901. See also Clarke v. Commonwealth, 32 Va. App. 286, 305-06, 527 S.E.2d 484, 493-94 (2000) (affirming a conviction for possession of firearm while intending to distribute drugs based in part on evidence that appellant reached behind his seat toward a gun).

More than mere presence proved appellant possessed the cocaine. From the evidence presented, the trial court could properly conclude that appellant was guilty of possession with the intent to distribute. We affirm the conviction.

Affirmed.

-