COURT OF APPEALS OF VIRGINIA


Present:  Judges Kelsey, McClanahan and Haley
Argued at Chesapeake, Virginia


ANTHONY LEON HICKS

                                                    MEMORANDUM OPINION* BY
v.       Record No. 2096-09-1                JUDGE ELIZABETH A. McCLANAHAN
                                                              MAY 11, 2010
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                                Everett A. Martin, Jr., Judge

             (Jeffrey M. Hallock, on brief), for appellant.  Appellant
             submitting on brief.

             Karen Misbach, Assistant Attorney General II (Kenneth T.
             Cuccinelli, II, Attorney General, on brief), for appellee.


         Anthony Leon Hicks appeals from his convictions for possession of cocaine with intent to

distribute and possession of marijuana with intent to distribute.  Hicks argues the trial court erred in

admitting into evidence two text messages sent from Hicks' cell phone.  He also argues the

evidence was insufficient to prove he possessed the cocaine and marijuana.  We find Hicks'

argument regarding the admissibility of the text messages was procedurally defaulted and the

evidence was sufficient to prove possession of the drugs.  Therefore, we affirm the judgment of the

trial court.

                                        I.  BACKGROUND

         On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

That principle requires us to "'discard the evidence of the accused in conflict with that of the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).[1]

On December 23, 2007, Norfolk Police Officer Joshua Meyer was on routine patrol when he observed Hicks operating a vehicle at a high rate of speed. When Hicks saw Meyer, he braked suddenly and slid into the middle of an intersection, disregarding a stop sign. Meyer initiated a traffic stop and asked Hicks for his license and registration. Hicks was unable to provide a driver's license but gave Meyer a Virginia identification card and admitted he was not supposed to be driving. Hicks initially told Meyer he was on his way to pick up an intoxicated friend, but subsequently told Meyer he had already dropped the friend at his home. Hicks was unable to tell Meyer who owned the car and asked his passenger, Carolyn Brooks. Although Brooks provided a name, that name proved to be incorrect.

Because Meyer suspected the car might be stolen, he called for backup. Officer Luis Latorre responded to the call and asked Hicks to step out of the car. As he did so, the center console opened revealing a bag containing marijuana. Latorre placed Hicks under arrest and searched him finding $291 in his pocket and a cell phone attached to Hicks' belt. In addition, Latorre searched the bag from the console and discovered crack cocaine and digital scales.

Meyer asked the passenger, Carolyn Brooks, to step out of the car. When Meyer asked her if she had anything on her, Brooks stated she had a "joint" in her pocket. The item she pulled from her pocket was a small quantity of marijuana wrapped in paper. Brooks testified at trial she

---

[1] See also Bolden v. Commonwealth, 275 Va. 144, 147-48, 654 S.E.2d 584, 586 (2008); Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005); Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998).

saw the drugs in the console when Hicks got out of the car, they were not her drugs, and she did not know how the drugs got there. She further testified she obtained the marijuana found on her from Hicks the day before the arrest.

Investigator David Cooper, qualified as an expert in the packaging and distribution of narcotics, testified that 14.32 grams of cocaine and 26.62 grams of marijuana were found in the console, both quantities inconsistent with personal use. The cocaine had a street value of approximately $450 to $500, and the marijuana had a street value of approximately $200. The money found on Hicks consisted of 11 twenty-dollar bills, 4 ten-dollar bills, 5 five-dollar bills, and 6 one-dollar bills. According to Cooper, since it is common to sell cocaine in "dimes" or "twenties," the finding of the twenty-dollar and ten-dollar bills on Hicks was consistent with his possession of the cocaine for distribution rather than personal use.

During trial, the Commonwealth sought to introduce text messages that were found on Hicks' phone through the testimony of Investigator Cooper. The phone memory identified Hicks as the owner of the phone and displayed Hicks' address as the owner's address. Prior to the introduction of the messages, defense counsel objected to the contents of the cell phone on the grounds the Commonwealth could not lay a foundation to substantiate Hicks made any "recordings" on the phone such that they could have been made by anyone and constituted hearsay. The trial court did not rule on the objection at that time stating "we'll have to see when they were made and what they say."

The first text message the Commonwealth introduced was sent on December 7, 2007, from Hicks' phone to an individual named "Crystal."[2] Cooper testified the message stated, "What time do you get off because I need some trees?" When Cooper began to explain the

---

[2] The cell phone was admitted into evidence at trial. During his testimony, Investigator Cooper retrieved the text messages and read them into the evidence.

meaning of the term "trees," defense counsel objected stating, "He's going to testify as [to his] interpretation of what a 'tree' is." The Commonwealth responded that Cooper was qualified to testify as an expert, and the trial court overruled the objection. Cooper then continued his testimony repeating the text message and adding that "trees" is "slang lingo" for marijuana.

Cooper testified that a second text message was sent from Hicks' phone to Crystal on the same date, which stated, "I need an onion. Call me when you get off and let me know." Cooper explained that "onion" is "common lingo" for "an ounce." At that point, defense counsel stated, "Objection again," and the trial court overruled the objection. Cooper further testified that when he referred to an ounce he meant an ounce of cocaine.[3]

## II. ANALYSIS

### A. Admission of Text Messages

Hicks contends the trial court erred in admitting the text messages sent from his phone because the messages constituted hearsay. Because Hicks failed to obtain a ruling from the trial court on his objection to the admissibility of the text messages, he is procedurally barred from raising this issue on appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The purpose of [Rule 5A:18] is to afford the trial court the ability to address an issue. If that opportunity is not presented to the trial court, there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal." Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526, 636 S.E.2d 416, 420 (2006). Therefore, when the trial court fails to rule on an

---

[3] The Commonwealth also sought to introduce a third message *from* Crystal *to* Hicks in reply to the previous messages. Defense counsel objected to this message as "hearsay," and the trial court sustained that objection.

objection, the objecting party must request a ruling or waive the claim on appeal. Lenz v. Commonwealth, 261 Va. 451, 463, 544 S.E.2d 299, 306, cert. denied, 534 U.S. 1003 (2001).

Prior to Cooper's testimony regarding the text messages, Hicks objected to the introduction of "any recordings" on his phone contending the Commonwealth would be unable to establish the messages were sent by him and the messages constituted hearsay. The trial court declined to make a ruling on Hicks' objection until it read the messages. When Cooper read the text messages, Hicks failed to renew his objection to admission of the text messages or obtain a ruling from the trial court on his previously-made objection to the admission of the text messages. Hicks only objected to Cooper's testimony regarding his interpretation of "trees" and "onion," which objections the trial court overruled.[4] But there was never a ruling from the trial court on the issue of the admissibility of the text messages and, thus, no basis for review of that issue by this Court. Riverside Hosp., 272 Va. at 526, 636 S.E.2d at 420. Accordingly, because Hicks failed to obtain a ruling from the trial court on his objection to the admission of the text messages, his argument is waived under Rule 5A:18. See, e.g., Riner v. Commonwealth, 268 Va. 296, 601 S.E.2d 555 (2004) (where defendant objected to testimony on the grounds it was double hearsay, defendant waived his argument on appeal by failing to alert the trial court it only

---

[4] After Cooper read the first text message, without objection, he began to explain the meaning of "trees" in the context of drug transactions. Only at that point did Hicks object, and his objection was specifically limited to Cooper's interpretation of "trees." After Cooper read the second text message into evidence, also without objection, he explained the meaning of "onion" in the context of drug transactions prompting Hicks to object "again." Hicks' use of the word "again" could only be understood as referring to his preceding objection to Cooper's testimony regarding the meaning of "trees." Had Hicks wanted to renew his earlier objection to the admission of the text messages, it was incumbent upon him to do so stating his grounds clearly and specifically, as he did when the Commonwealth sought to introduce the text message sent by Crystal to Hicks' phone and Hicks objected to the message as hearsay. See Fisher v. Commonwealth, 236 Va. 403, 413-14, 374 S.E.2d 46, 52 (1988) (any objection made must state the grounds for the objection with "reasonable certainty," particularly where the litigant makes a "continuing objection" or has made an earlier objection to the introduction of evidence but is assigning new grounds for its exclusion).

ruled on one level of hearsay). Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue these exceptions and we will not invoke them *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).[5]

## B. Sufficiency of the Evidence

Hicks argues the evidence was insufficient to prove he possessed the cocaine and marijuana to support his convictions for possession with intent to distribute. We disagree.

When considering a challenge to the sufficiency of the evidence on appeal, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original; citation and internal quotation marks omitted). Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d

---

[5] Because Hicks' argument regarding the admissibility of the text messages is procedurally defaulted, we do not consider whether the Commonwealth met foundational requirements for admissibility of the text messages as party admissions. See, e.g., Bloom v. Commonwealth, 262 Va. 814, 554 S.E.2d 84 (2001) (online instant messages admissible where the Commonwealth proved they were sent from defendant by linking personal information known about defendant to screen name used to send messages); see also State v. Thompson, 777 N.W.2d 617 (N.D. 2010) (text messages admissible since the State proved the messages were sent by defendant through evidence of defendant's cell phone number and signature on text messages); State v. Espiritu, 176 P.3d 885 (Haw. 2008) (text messages admissible as admissions by a party-opponent); Dickens v. State, 927 A.2d 32 (Md. Ct. Spec. App. 2007) (threatening text message received by victim on cell phone properly authenticated by proof message sent by defendant based on content of messages and nickname used by sender); State v. Franklin, 121 P.3d 447 (Kan. 2005) (text messages sent from cell phone found on defendant when she was arrested admissible as a statement previously made by her).

396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182-83, 670 S.E.2d 727, 734 (2009);

Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 906-07 (2009) (*en banc*).

"To convict a defendant of illegal possession of drugs, the Commonwealth must prove

that the defendant was aware of the presence and character of the drugs, and that he intentionally

and consciously possessed them." Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d

812, 814 (1975).

> "[P]roof of actual possession is not required; proof of constructive
> possession will suffice. Constructive possession may be
> established when there are acts, statements, or conduct of the
> accused or other facts or circumstances which tend to show that the
> [accused] was aware of both the presence and character of the
> substance and that it was subject to his dominion and control."

Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006) (quoting Walton v.

Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998)) (internal quotation marks and

citation omitted). Though possession is not established by mere proximity, "it is a factor that

may be considered in determining whether [the accused] constructively possessed the

contraband." Kelly, 41 Va. App. at 261, 584 S.E.2d at 449. "[O]ccupancy of the premises on

which the contraband was found is likewise a circumstance probative of possession." Id.

(internal quotation marks and citation omitted). "To resolve the issue, the Court must consider

the totality of the circumstances established by the evidence." Williams v. Commonwealth, 42

Va. App. 723, 735, 594 S.E.2d 305, 311 (2004) (citation omitted).

Hicks was the operator of the vehicle and sitting next to the console within arm's reach of

the drugs that were found therein. See Brown v. Commonwealth, 5 Va. App. 489, 492, 364

S.E.2d 773, 775 (1988) ("[defendant] was *within arm's reach* of the cocaine" (emphasis in

original)). The lid to the console was not shut securely since Hicks' act in simply exiting the

vehicle allowed the console lid to become open making the marijuana immediately visible. See

Williams, 42 Va. App. at 736, 594 S.E.2d at 312 ("The police discovered [the cocaine] 'sitting right on the edge [of the glove compartment] as soon as you opened' it" and "[t]he glove compartment was within Williams's reach."). Brooks testified the drugs did not belong to her and were already there when she entered the vehicle. Brooks also testified she obtained the marijuana found on her from Hicks the day before the arrest. The drugs found in the console, cocaine and marijuana, were the same type of drugs Hicks sought in the text messages he sent a few weeks before his arrest. And as the trial court found, it was "highly unlikely" that "this unknown owner of a car is going to leave commodities worth between $650 and $700 in the car that can easily be removed and stolen." See, e.g., Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 883 (1992) (*en banc*) (finder of fact may infer unlikelihood of the abandonment of items of value such as drugs). We hold the totality of the circumstances established by this evidence showed Hicks "was aware of both the presence and character of the [drugs] and that [they were] subject to his dominion and control." Wilson, 272 Va. at 27, 630 S.E.2d at 330 (internal quotation marks and citations omitted). Therefore, the trial court could rationally find the elements of possession beyond a reasonable doubt.

For these reasons, we affirm the judgment of the trial court.

Affirmed.