## Richmond

### ALLEN WESLEY DUNCAN V. COMMONWEALTH OF VIRGINIA

November 23, 1977.

Record No. 770345.

Present: All the Justices.

*R. Keith Neely,* for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

Per Curiam.

Indicted for grand larceny of automobile tires, wheels and floor mats, defendant Allen Wesley Duncan was found guilty of petty larceny in a bench trial and sentenced to a jail term and a

fine. The sole issue presented in his appeal from the November 1976 judgment of conviction is whether the evidence was sufficient to establish the guilt of the accused. We conclude that it was not and reverse.

The Commonwealth's evidence, presented during a joint trial of defendant and one Micky Wallace Snyder, showed that on April 6, 1976 at Shawsville in Montgomery County, Snyder and defendant were seen about 10:00 a.m. near a stopped Norfolk & Western train, which carried new automobiles. Snyder was observed as he "came between two of the [motor vehicles], got off the train, and . . . crawled back up on the train." One eyewitness saw "just for a second" the hand of an unidentified person, in addition to Snyder, near the automobiles. Another eyewitness testified she observed from her home defendant walking beside the tracks near the railroad car which "held" the automobiles. Then, according to the witness, defendant "took a few steps and reached up and caught a bar at the end of the bed that was holding the new cars, and he climbed up, . . . [as] the train started moving out." Because the train travelled behind a building, defendant passed from the view of that witness, who saw defendant again several hours later when Snyder and defendant were working on an old automobile in a driveway "right below" the witness' house.

Later that day, "two tires mounted on two wheels" and eight automobile floor mats were found in "some honeysuckle near the railroad track" in the vicinity where the train had been stopped. It was determined that the articles had been removed from several of the vehicles on the train.

The Commonwealth's evidence further showed that upon subsequent police interrogation, defendant, age 18, denied "having anything to do" with the theft.

After the trial court overruled the defendants' motions to strike the evidence, Snyder, but not defendant, testified. He stated the train had stopped about 30 feet from his home at the time in question and admitted being on the railroad cars for three to four minutes to look at the sports cars being transported. Snyder denied, however, stealing any articles from the automobiles. He did not mention defendant during his testimony.

The defendant correctly argues that the Commonwealth's evidence merely showed that Duncan was near the scene of the

crime; it placed him where the theft occurred and in the general area where the fruits of the crime were found. But this evidence creates no more than a suspicion that defendant was a perpetrator of the crime and is utterly insufficient to prove beyond a reasonable doubt that he was guilty of larceny of the items in question.

Accordingly, the judgment of conviction will be reversed and the indictment will be dismissed.

*Reversed and dismissed.*