COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


GLEN HINES, S/K/A
 GLEN M. HINES
                                    MEMORANDUM OPINION* BY
v.    Record No. 3049-99-1          JUDGE LARRY G. ELDER
                                      NOVEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        A. Bonwill Shockley, Judge

              Fabio Crichigno, Assistant Public Defender
              (Office of the Public Defender, on brief),
              for appellant.

              Eugene Murphy, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


      Glen M. Hines (appellant) was convicted in a bench trial

for grand larceny in violation of Code § 18.2-95.  On appeal, he

contends the circumstantial evidence was insufficient to prove

he was the criminal agent.  We hold that the circumstantial

evidence, viewed in the light most favorable to the

Commonwealth, excluded all reasonable hypotheses of appellant's

innocence, and we affirm his conviction.

      We examine the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

---

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible.  See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Where "[t]he circumstances of motive, time, place, means, and conduct . . . all concur to form an unbroken chain which links the defendant to the crime beyond a reasonable doubt," the circumstantial evidence is sufficient to support the conviction.  Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984).

Here, the evidence, viewed in the light most favorable to the Commonwealth, supported the trial court's finding that appellant was the only person who could have taken the VCR, Nintendo and game cartridge from Shelton Morton's bedroom. If the court credited Aaron Padin's testimony, which it was entitled to do, these items were missing only minutes after Padin had been using them and disappeared during the span of only a few minutes, during which time appellant was alone in Morton's house. Padin testified that this period of time, although brief, was long enough for appellant to have unplugged the items taken.

During the time appellant was alone inside the house, appellant's companion engaged Padin in conversation and sat such that he blocked Padin's view of the front of the house with his body. Although appellant was not carrying anything in his hands when he left the house, he brushed past Padin in the doorway and left in a hurry without even making eye contact with him. Appellant told Padin he would "be right back," but Padin heard appellant's car leave about thirty seconds later, and appellant did not return.

Shortly thereafter, Morton returned home and discovered that a window located in the front of the house and ordinarily kept locked was open. The window was partially obscured by bushes. Also open was the back door to the house. Although no one saw appellant leave Morton's house with the missing items,

- 3

appellant had the opportunity to place the items outside the house either through the open window, where they would have been obscured by the bushes, or through the back door, which was not visible from the front of the house. He also had the opportunity to retrieve the items during the period after Padin re-entered the home but before appellant departed in his automobile. Other evidence established that appellant had a crack "problem" during this period of time and that he had taken money from his own girlfriend only a few days before Morton's VCR and Sarah Miller's Nintendo and game cartridge disappeared.

In light of this evidence, "[t]he circumstances of motive, time, place, means, and conduct . . . all concur[red] to form an unbroken chain" linking appellant to the larceny of the VCR, Nintendo and game cartridge beyond a reasonable doubt. As the trial court expressly found, the time frame in which these events occurred was very narrow, and no other reasonable hypotheses flowed from the evidence in the record. Finally, the evidence in the record further supported a finding that the combined value of the VCR, Nintendo and game cartridge was $399, well in excess of the $200 required to support a conviction for grand larceny.[1]

---

[1] We assume without deciding that the evidence was insufficient to support appellant's conviction for taking the portable stereo. Although the stereo was missing when Morton and Miller returned home and appellant had the opportunity to take the stereo when he took the VCR and Nintendo, the evidence established that Morton's home was routinely left unlocked, and

For these reasons, we hold that the circumstantial evidence excluded all reasonable hypotheses of appellant's innocence, and we affirm his grand larceny conviction.

<u>Affirmed.</u>

---

no evidence established when Morton or Miller last saw the stereo.  Nevertheless, as discussed in the text of the opinion, the evidence of value of the VCR, Nintendo and game cartridge was sufficient to support appellant's conviction for grand larceny.

Benton, J., dissenting.

The resolution of this case is governed by fundamental principles. Evidence that tends to prove only that the accused "had the opportunity to commit the crime" is insufficient to prove the accused was the criminal agent. See Lewis v. Commonwealth, 211 Va. 497, 499, 178 S.E.2d 530, 531 (1971). The principle is well established that the accused "is not to be prejudiced by the inability of the Commonwealth to point out any other criminal agent, nor is he called upon to vindicate his own innocence by naming the guilty man." Thomas v. Commonwealth, 187 Va. 265, 272, 46 S.E.2d 388, 391 (1948). In this case, as in every criminal prosecution, "'[i]t is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt.'" Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) (citation omitted).

The homeowner's grandson, who lived in the house, testified that he habitually left the house unlocked, including the back door, so that "people could come and go as they wanted." He also testified that Glen Hines has been his friend for seven years.

Aaron Padin testified that he left a nightclub after one o'clock in the morning and went to the house. When he arrived, no one else was there. He entered through an unlocked door.

- 6 -

Hines, whom Padin had known for two years, arrived at the house a half hour later. The front door was still unlocked when Hines arrived. Hines walked in the house, said, "Hello, Hello," and came into the bedroom where Padin was watching television. After Hines and Padin talked and discussed "where everybody was . . . and what [they] had done that night," Hines asked Padin to walk outside with him to view something. Padin accompanied Hines to a car parked at the front of the house. Hines, Padin, and a person in Hines' automobile "engaged . . . in a conversation about what [Padin and his friends] did that night and all this and [one of the men] asked [Padin] if [he] wanted to buy a bag of marijuana." During the discussion, Hines went inside to use the bathroom. After Hines was in the house about "two minutes," Padin returned to the house. When Padin reached the front door, he met Hines. Leaving the house, Hines said "I'll be right back." Hines wore pants and a tee-shirt; he was carrying nothing and had nothing in his hands.

Padin did not go to the bathroom to confirm whether Hines had been there. Padin walked ten to twelve steps to the bedroom, saw that the light had been shut off, and discovered the video recorder and electronic game were missing. Padin testified that he heard Hines' automobile leave "as soon as [he] got to the bedroom and cut the light on."

Later, the homeowner's grandson discovered that a window in the bedroom was open, a window in another bedroom was open, and

the back door was open. He also noticed a radio had been removed from the living room. Padin had not seen the radio and could not know whether it was in the house when he first arrived.

When, as in this case, a conviction is based on wholly circumstantial evidence, the circumstances proved "must each be consistent with guilt and inconsistent with innocence, and . . . they must concur in pointing to the defendant as the perpetrator beyond a reasonable doubt." Cantrell v. Commonwealth, 229 Va. 387, 398, 329 S.E.2d 22, 29 (1985). "This is not the sort of circumstantial evidence which forges the unbroken chain necessary to establish the culpability of an accused and which is consistent with guilt and inconsistent with innocence." Lewis, 211 Va. at 499, 178 S.E.2d at 532. The evidence does not prove the length of time Padin stood outside and talked with Hines and his friend before Hines entered the house. Padin testified that he was "stooped down talking to the passenger" and that his view of the house was blocked. Moreover, it was very dark outside. He could not see the front, side, or back of the house. Thus, the evidence clearly proved that the house was unlocked, accessible, and unoccupied for an unknown period of time while the three men were outside discussing a purchase of marijuana. The opportunity existed for any thief to enter the house through the unlocked back door or an unobserved, open window and remove the property.

This case resembles Lewis, in which the accused was the only individual known to have been in a house during the time in which a larceny occurred. Lewis had easy access to the house because he kept some of his possessions there. 211 Va. at 498, 178 S.E.2d at 531. Significantly, and unlike this case, Lewis had on his person at the time of arrest an amount of money similar to that which was taken from the house. Id. at 499, 178 S.E.2d at 531. The Supreme Court reversed the conviction because the circumstantial evidence was insufficient to support a finding of guilt beyond a reasonable doubt. Id. Similarly, in this case, the principal evidence against Hines is testimony that he was in the house during the time period in which the crime could have occurred. No evidence proved, however, that he ever possessed the items reported stolen. Additionally, no evidence proved through which opening the property left the house. This case differs from Lewis in that the time involved in this case apparently was shorter. This difference, however, does not distinguish this case such that we should hold differently because this factor "showed only that the defendant had the opportunity to commit the crime." 211 Va. at 499, 178 S.E.2d at 531. Proof of opportunity alone is insufficient to establish that the accused was the criminal agent. Id. See also Duncan v. Commonwealth, 218 Va. 545, 547, 238 S.E.2d 807, 808 (1977).

No evidence proved the radio was in the house when Hines arrived.  No evidence proved through which opening any of the property left the house.  It is also undisputed that no evidence proved that Hines had possession of any of the property.  Moreover, the evidence proved that other houses were in close proximity to this house.  Thus, no evidence excludes the hypothesis that the property was removed while Padin was outside discussing with Hines and another man the purchase of marijuana.

At best the evidence raised only a suspicion or a possibility that Hines may have taken the property; however, those circumstances are insufficient to sustain a conviction.  See Rogers v. Commonwealth, 242 Va. 307, 320, 410 S.E.2d 621, 629 (1991).  "[M]ere opportunity to commit an offense raises only 'the suspicion that the defendant may have been the guilty agent; and suspicion is never enough to sustain a conviction.'"  Christian, 221 Va. at 1082, 277 S.E.2d at 208 (citation omitted).  The record is manifest that the Commonwealth failed to meet its burden of "prov[ing] every essential element of the offense beyond a reasonable doubt."  Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997).  Thus, I would reverse the grand larceny conviction and dismiss the indictment.

I dissent.