COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Agee
Argued at Salem, Virginia


SONNY JAMES TURNER

MEMORANDUM OPINION[*] BY
v.   Record No. 1942-01-3     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        APRIL 9, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Joseph R. Winston, Special Appellate Counsel
(Public Defender Commission, on briefs), for
appellant.

Margaret W. Reed, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Sonny James Turner (appellant) was convicted in a bench

trial of third offense petit larceny in violation of

Code § 18.2-96. On appeal, he contends that the circumstantial

evidence was insufficient to prove that he committed the

larceny. For the following reasons, we affirm the judgment of the

trial court.

I.   BACKGROUND

Under familiar principles of appellate review, we examine the

evidence in the light most favorable to the Commonwealth, the

prevailing party below, granting to it all reasonable inferences

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on May 30, 2000, appellant and two others visited the home of Kermit Bonhams (Bonhams).  They "just stopped" by and drank beer with him on his porch.  After ten minutes, appellant asked to use the bathroom and Bonhams told him to "go ahead."  When appellant came out of the house, he immediately went to his car and called for the others to leave with him.  Bonhams was unable to see appellant from the front due to "the way he – you know, the way he was walking."  After the three men left, Bonhams went into his house and discovered that his VCR that was earlier directly under the television set was missing.  Bonhams had used the VCR that morning, and no one other than appellant had been in the house.

Investigator George Hooker went to Bonhams' house the day of the theft.  He found a beer can with appellant's fingerprints on it about ten feet from the television stand in the room where the VCR had been taken.

The trial court found appellant guilty of third offense petit larceny.

## II.  SUFFICIENCY OF THE EVIDENCE

In reviewing sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same

weight as a jury verdict."  Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42, cert. denied, 502 U.S. 944 (1991).

"[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it."  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Appellant contends that the circumstantial evidence was insufficient to prove that he committed the petit larceny.  He argues that the circumstances surrounding his entry and exit of the house and the fingerprints on the beer can failed to prove that he stole the VCR.  We disagree.

"Circumstantial evidence 'is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'"  Taylor v. Commonwealth, 33 Va. App. 735, 737, 536 S.E.2d 922, 923 (2000) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983), cert. denied, 465 U.S. 1109 (1984)).  "The Commonwealth need not 'exclude every possible theory or surmise', but it must exclude those hypotheses 'which flow from the evidence itself.'" Haskins v. Commonwealth, 31 Va. App. 145, 151, 521 S.E.2d 777, 780 (1999) (quoting Cantrell v. Commonwealth, 7 Va. App. 269,

289-90, 373 S.E.2d 328, 338-39 (1988)).  "'The circumstances of motive, time, place, means, and conduct must all concur to form an unbroken chain which links the defendant to the crime beyond a reasonable doubt.'"  Floyd v. Commonwealth, 31 Va. App. 193, 198, 522 S.E.2d 382, 384 (1999) (quoting Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 392 (1984)).

Properly viewed, the Commonwealth's evidence established an unbroken chain linking appellant to the theft of the VCR.  The VCR was in Bonhams' house before appellant entered and missing after he left.  Appellant was the only person to enter the house during this time and he left suddenly, shielding the front of his body from Bonhams' sight.  He immediately went to his car and called for his friends to leave.  Appellant's fingerprints were found on a beer can ten feet from the place where the VCR was located before the theft.  Bonhams gave appellant permission to use only the bathroom, not to enter the room with the VCR. The time, place, means, and opportunity for appellant to commit the crime were established.  The totality of the circumstances leaves no reasonable hypothesis of innocence.

Appellant's reliance on Duncan v. Commonwealth, 218 Va. 545, 238 S.E.2d 807 (1977), is misplaced.  In Duncan, the evidence established that the defendant and codefendant were seen near a stopped train about 10:00 a.m.  Later in the day, car parts stolen from the train were found near the railroad track where the train had been stopped.  The codefendant

- 4 -

testified that they were on the train merely to look at the cars.  The Court found this evidence insufficient to support a conviction for larceny.

However, the facts of the instant case are clearly distinguishable.  Unlike a train, which by its nature is open to the public, appellant was the only person other than the victim who had access to the home during the period of time available for the theft of the VCR.  Fingerprint evidence affirmatively established that appellant was in the same location as the stolen VCR.  In Duncan, there was a several hour time lapse between the theft and the discovery of the stolen car parts.  Here, the time frame between the theft of the VCR and its discovery by Bonhams was almost immediate.  Appellant's contention that someone else may have entered the home is unsupported by the evidence.  "The Commonwealth is only required to exclude hypotheses of innocence that flow from the evidence, and not from the imagination of [defense] counsel."  Fordham v. Commonwealth, 13 Va. App. 235, 239, 409 S.E.2d 829, 831 (1991).

For the foregoing reasons, we affirm.

Affirmed.

- 5 -