COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Frank and Felton
Argued by teleconference


CARLDOZIA ANTONIO PEEK

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0340-03-1               JUDGE WALTER S. FELTON, JR.
                                                  APRIL 27, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Von L. Piersall, Jr., Judge

            Charles B. Lustig, Assistant Public Defender (Brenda C. Spry,
            Deputy Public Defender, on brief), for appellant.

            Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Carldozia Antonio Peek appeals his convictions for possession of cocaine with intent to

distribute, in violation of Code § 18.2-248; possession of a firearm while in the possession of drugs,

in violation of Code § 18.2-308.4; and possession of a firearm after having been previously

convicted of a violent felony, in violation of Code § 18.2-308.2.  On appeal, Peek contends that the

evidence was insufficient to prove beyond a reasonable doubt that he possessed the cocaine and

the firearm.  For the following reasons, we affirm the judgment of the trial court.

                                        BACKGROUND

        In the predawn hours of July 30, 2002, Officer Falck, while on patrol, observed Peek and

two other individuals, a male and female, sitting on the porch steps of a vacant dwelling.  The

officer drove past the building and around the block before returning to investigate why the three

were on the vacant property.  As he approached Peek and his companions, they stood up and

───────────────
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

walked away from the porch. Peek told the officer "Okay, I'm going." The officer then stopped the three individuals and asked for their personal information. Peek and his companions complied with his request. When the police officer initially observed Peek and his companions sitting on the steps, the female had been sitting on the bottom step in the middle of the stairway, and the other male stood on the far side of the stairway a few steps from the bottom. Peek had been sitting "on the porch level or the next step down" immediately adjacent to a brick pillar at the front of the porch. As the officer stepped onto the porch, he saw a handgun and ninety-eight "baggies" of individually packaged crack cocaine, in plain view, lying behind the pillar at the top of the steps and within "inches to a foot" from where Peek had been sitting.

The officer arrested Peek for possession of drugs and searched him incident to the arrest.[1] He recovered a cell phone and $531.62 in cash. The currency consisted of sixteen $20 bills, eight $10 bills, twenty $5 bills, and thirty $1 bills.

At trial, the Commonwealth's expert testimony established that the individually packaged baggies of crack cocaine recovered at the scene would sell for $10 each. It also established that the quantity and packaging of the drugs, and the amount and makeup of money recovered were inconsistent with an individual's personal cocaine use. The trial court admitted the Commonwealth's photographs showing the location of the gun and baggies of cocaine behind the porch pillar and immediately adjacent to the step where Peek had been sitting. Describing the photographs, the trial court observed that:

> The pillar is small - I say small. It's a stoop on a porch next to the
> steps on which the parties were seated and the gun and drugs are
> actually within inches or at least a foot of where the parties were
> described to have been seated. The gun and drugs are in full view.
> They're not in full view of somebody who's got the post between
> him and the items but the items are not covered, they're not
> camouflaged, in any way. They are in full view of anybody who

---

[1] The other male was also arrested. The officer found a small quantity of marijuana on the female companion, but released her without arresting her.

could see around that post, and the question is whether or not [Peek] and the others who were seated there next to the post can be said to have knowledge of that those items were there, and that, therefore the Court could infer that they were exercising dominion and control over the items.

No fingerprint evidence was introduced to link Peek to the drugs and handgun.

The trial court weighed the evidence and found it sufficient to conclude that Peek possessed the cocaine and the firearm on the porch. It convicted him of possession with intent to distribute cocaine, possession of a firearm while in possession of cocaine, and possession of a firearm by a felon. It sentenced him to a term of twelve years in prison and a $10,000 fine.

## ANALYSIS

Peek contends that the evidence was insufficient to prove that he knowingly or intentionally possessed either the cocaine or the firearm. He argues that the items were found in "mere proximity" to him and that the Commonwealth failed to establish that he was aware of the presence of the gun and cocaine. We disagree.

When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The conviction will be disturbed only if plainly wrong or without evidence to support it.

Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998) (citing Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). Possession may be actual or constructive. See Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983). Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or

- 3 -

circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984) (citing Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981)). Moreover, the principles applicable to constructive possession of drugs also apply to constructive possession of a firearm. Archer, 26 Va. App. at 11-12, 492 S.E.2d at 832 (citing Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993)).

Although mere proximity to drugs is not in itself sufficient to establish possession, proximity is a factor that may be probative in determining whether an accused possessed the drugs. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); Brown v. Commonwealth, 5 Va. App. 489, 492, 364 S.E.2d 773, 774 (1988). Like Peek, the defendant in Brown alleged that his conviction of possession of cocaine with intent to distribute was based solely on his proximity to the drugs. In Brown, police observed Brown and two other men seated around a bed in the master bedroom, during the execution of a search warrant. When an officer stopped Brown as he was leaving the bedroom, he discovered a large quantity of cocaine and paraphernalia used for packaging narcotics on and around the bed. Brown, 5 Va. App. at 490-91, 364 S.E.2d at 773-74. This Court concluded that the trial court could reasonably infer the defendant's knowledge of the cocaine's presence and character from the location and visibility of the drugs. Id. at 492, 364 S.E.2d at 774. Based on the totality of the circumstances, this Court held that Brown's proximity to the drugs and his awareness of their presence and character were factors sufficient to find "that the cocaine was subject to his dominion and control." Id. at 492, 364 S.E.2d at 775.

Here, the evidence establishes more than mere proximity. Peek was seated immediately adjacent, mere inches to a foot, to the cocaine and handgun when the officer first saw him, and

where he was when the officer first approached him. While the drugs and handgun were concealed from view to individuals on the sidewalk, they were immediately visible to the officer when he walked up the stairs to the porch. Accordingly, the trial court did not err in concluding that the evidence was sufficient to show that Peek was aware of the presence and character of the cocaine and handgun recovered from the porch.

Additionally, Peek was carrying a large amount of cash, "a factor that may be considered as some evidence of involvement in drug distribution." Johnson v. Commonwealth, 12 Va. App. 150, 153, 402 S.E.2d 502, 504 (1991) (citing Colbert v. Commonwealth, 219 Va. 1, 244 S.E.2d 748 (1978)). The officer recovered $531.62 in cash from Peek's person, comprised of twenties and smaller denominations.

From the evidence presented, including the photographs showing the location of the drugs and gun on the porch, the trial court could reasonably conclude that Peek was selling drugs from the porch of the vacant property, where he could hide his merchandise from a casual traveler on the street, while protecting his goods and his money with the handgun that was easily within his reach. The trial court could also reasonably conclude that Peek, on seeing the officer approaching, left the porch area to distract the officer's attention away from that area and to remove himself from the close proximity to the handgun and cocaine, easily visible on the porch.

The record further reflects that the ninety-eight packages of cocaine would have sold on the street for approximately $10 each. Thus, the cocaine was "something of significant value, and not something that one is likely to have abandoned or carelessly left in the area there." Collins v. Commonwealth, 13 Va. App. 177, 180, 409 S.E.2d 175, 176 (1991). The trial court could conclude that it was unlikely that the gun and quantity of drugs were left unguarded by some unidentified third person.

Peek argues that the evidence indicated that there were three individuals on the steps, and there was no direct evidence linking him, in particular, to the gun and drugs. "'[P]ossession need not always be exclusive. The defendant may share it with one or more.'" Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (*en banc*) (quoting Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974)). In Brown, this Court found that the evidence was sufficient to support a conviction for possession of cocaine found in plain view and "*within arm's reach*" of the accused, although others were present. Brown, 5 Va. App. at 492, 364 S.E.2d at 774 (emphasis in original).

When the police officer first observed the three individuals sitting on the porch steps, Peek sat at the top of the steps, inches from the contraband. His proximity supports the inference that the cocaine and firearm were under his possession and control. The totality of the evidence, including the photographs showing the location of the handgun and the large number of individually packaged drugs immediately adjacent to where Peek was sitting when the officer first saw him, and from which he departed when the officer approached him; the items seized by the officer from behind the pillar; the large amount of money and its makeup by denominations recovered from Peek; and Peek's actions when he saw the officer approaching, supports the reasonable inference that Peek possessed the crack cocaine and handgun found inches from where he was sitting.

We conclude that the trial court did not err in finding that Peek possessed the cocaine and firearm. Accordingly, Peek's convictions are affirmed.

Affirmed.

Benton, J., dissenting.

The resolution of this case is governed by a fundamental principle. In this case, as in every criminal prosecution, "'[i]t is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt.'" Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) (citation omitted). Evidence that tends to prove only that the accused was near the contraband and had the opportunity to commit the crime is insufficient to prove the accused was the criminal agent. See Duncan v. Commonwealth, 218 Va. 545, 238 S.E.2d 807 (1977); Lewis v. Commonwealth, 211 Va. 497, 499, 178 S.E.2d 530, 531 (1971). When, as in this case, a conviction is based on wholly circumstantial evidence, the circumstances proved "must each be consistent with guilt and inconsistent with innocence, and . . . they must *concur* in pointing to the defendant as the perpetrator beyond a reasonable doubt." Cantrell v. Commonwealth, 229 Va. 387, 398, 329 S.E.2d 22, 29 (1985).

The evidence proved that at 2:50 a.m. the officer saw three people on the steps of a vacant house. Carldozia Antonio Peek and a woman were sitting. Another man was standing. When Peek and the two people stood and walked away from the steps, the officer stopped them to investigate the reason for their presence on the steps of the vacant house. After all three of the people identified themselves, the woman informed the officer that she had contraband and gave the officer "a small bag of . . . leafy substance" that she had in her pocket. After learning their names and receiving contraband from the woman, the officer went onto the porch and saw a gun and a bag of cocaine on the porch behind a brick pillar. Also behind the square brick pillar, which had sides as wide as two building bricks, were several pamphlets and a metal apparatus. The officer arrested Peek and the other man, and he charged both for possession of the gun and

cocaine but released the woman. The officer did not search or arrest the woman, who was the only person who possessed contraband.

The evidence proved Peek did not have actual possession of the cocaine or the gun.

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984) . . . . Mere proximity to a controlled drug is not sufficient to establish dominion and control.

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

No evidence proved Peek was aware of the presence of the gun and cocaine on the porch behind a pillar. The officer did not see Peek make any hand movements and did not see him reach into the area where the items were later discovered. The officer also testified that the items "were not readily in view from looking head-on to the house." Peek made no statements indicating his awareness of the presence of the gun and the cocaine on the porch. Indeed, the officer testified that Peek did not do "anything suspicious after or prior to [him] recovering the items."

Likewise, the evidence failed to prove Peek had dominion and control of the cocaine or the gun. The evidence proved only that the drugs and the cocaine were within the vicinity of the three people, although behind the pillar and not visible when the porch is viewed from the sidewalk. The only evidence that conceivably connects Peek to the gun and the cocaine is his presence on the steps. This proves proximity only. To infer that Peek had seen the items in the darkness or earlier put the items behind the pillar "would be to engage in speculation or conjecture." Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977). Thus, I would hold that the evidence in this case "is not the sort of circumstantial evidence which forges

the unbroken chain necessary to establish the culpability of an accused and which is consistent with guilt and inconsistent with innocence." Lewis, 211 Va. at 499, 178 S.E.2d at 532.

At best the evidence raised only a suspicion or a possibility that Peek knew the items were behind the pillar; however, those circumstances are insufficient to sustain a conviction. See Rogers v. Commonwealth, 242 Va. 307, 320, 410 S.E.2d 621, 629 (1991). "[M]ere opportunity to commit an offense raises only 'the suspicion that the defendant may have been the guilty agent; and suspicion is never enough to sustain a conviction.'" Christian, 221 Va. at 1082, 277 S.E.2d at 208 (citation omitted). The record is manifest that the Commonwealth failed to meet its burden of "prov[ing] every essential element of the offense beyond a reasonable doubt." Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997). Thus, I would reverse the convictions and dismiss the indictment.

I dissent.